**FILED**

DEC 27 2012
DEC. 27, 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC,

                Plaintiff,

                Case No. 1:12-cv-07579
                Honorable Edmond E. Chang

v.

John Does 1-23,

                Defendant.

## MOTION FOR CLERIFICATION

I, John Doe #16, respectively would also like to ask the court to clarify the maximum amount of statutory damages possible for each defendant in this case to make it clear to the Plaintiff attorney what they can and cannot threaten each Doe with when they make settlement offers.

Currently the Plaintiff request (Complaint ¶51)" (D) Award Plaintiff the greater of: (i) statutory damages in the amount of $150,000 per Defendant, pursuant to 17 U.S.C. § 504-(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); The Copyright Act authorizes statutory damages of $750.00 to $30,000.00 for infringement, but increases the possible statutory damages to a maximum of $150,000.00 if the infringement was willful. 17 U.S.C. § 504(a) and (c). There is no information provided by the Plaintiff that the alleged act was willful. If a defendant installed one of many types of BitTorrent clients and potentially used it for non-illegal activities, it does not indicate a willingness to infringe on the Plaintiff alleged copyright. There is no indication or allegation by the Plaintiff that any of the defendants were the initial Seed and created the Torrent and the Hash Tracker # for others to share or profit from the sharing. There is no information that the defendant went to a Torrent site as alleged. The defendants may have received and unknowingly opened torrent file in an email, or by clicking a random link on a web page and unknowing joined the swarm. There is no indication that any or all the defendants configured

their bitTorrent software to allow uploads to the other defendants intentionally or unintentionally.

The Plaintiff indicates "(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants" (Complaint ¶10a) yet in Count 1 and Count 2 The Plaintiff (Complaint ¶51d, 61e) asks for" (i) statutory damages in the amount of $150,000 per Defendant, pursuant to 17 U.S.C. § 504-(a)" If each defendant is jointly liable then it is suggested that the maximum damages should be $150,000 if willfully or more appropriately un-willful damages of $750 to $30,000 divided equally among the 23 defendant's.

**When was the work copyrighted?**

The plaintiff indicates that the work in question was produced on 7/30/2012 and registered with the copyright office on 7/31/2012. The plaintiff also indicates that they hired IPP Limited to identify infringers and transmited the "work" to IPP to confirm the copy right infringement. The Plaintiff also alleges that the start of the infringement occurred on 7/31/2012 at 15:21 UTM. It is not indicated by the plaintiff or the information they provided from the US Copy Right Office what time the copy right was registered. It is possible that the copyright registration occurred after the alleged copyright infringement occurred based on the Plaintiff's own information. It is believed that this would not allow the Plaintiff to seek statuary damages.

I respectfully ask the court to clarify the maximum statuary damages possible for each John Doe defendant based on the complaint filed.

Dated: *12/21/2012*                                   Respectfully submitted,

                                                      *John Doe #16*
                                                      s/John Doe 16
                                                      John Doe
                                                      *Pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MOTION FOR CLERIFICATION, was served by Us Mail to the court and Plaintiff counsel:

Paul Nicoletti, Esq.

Law offices of Nicoletti & Associates, LLC

36880 Woodward Avenue, Suite 100

Bloomfield Hills, MI 48304