**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. <u>1:12-cv-07579</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-23, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED [CM/ECF 12]**

**I.      INTRODUCTION**

This Court should deny Defendant's motion to dismiss.  Defendant invites this Court to ignore the well-pled allegations in the Complaint and hold that it is impossible to sue a party for conduct which occurred over the internet.  Specifically, Defendant argues that because an IP address does not identify an individual, suing an Internet subscriber for unlawful acts traced to that subscriber's IP address should not be legally permitted.   Your Honor should reject Defendant's argument because it is plausible under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) that the internet subscriber was also the user and tortfeasor.  To that end, Plaintiff's Complaint alleges that Doe 16 took specific steps to infringe Plaintiff's copyrights.  Defendant's Motion to Dismiss does not cite – *even one* – case for the proposition that Plaintiff did not state a claim.  Additionally, Defendant's motion is premature since he/she has not yet been formally named and served as a Defendant in this copyright infringement case.  Indeed, at this stage of the litigation Plaintiff is still attempting to identify the putative defendants.  Finally, Defendant's motion is replete with baseless defenses

1

which have no bearing on this Court's determination of the sufficiency of Plaintiff's Complaint under Rule 12(b)(6). In light of the foregoing, as explained more fully herein, the Court should deny Defendant's motion.

## II.   ARGUMENT

### A.  Legal Standard for a 12(b)(6) Motion to Dismiss

"A motion to dismiss pursuant to Rule 12(b)(6) 'challenges the sufficiency of the complaint to state a claim upon which relief may be granted.'" *Titus v. Illinois Dept. of Transp.*, 828 F. Supp. 2d 957, 966 (N.D. Ill. 2011) (quoting *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id., quoting Iqbal*, 556 U.S. 662. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Flava Works, Inc. v. Clavio*, 2012 WL 2459146 (N.D. Ill. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, (2007)). However, allegations pled as legal conclusions are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 677-79. The complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits." *Seals v. Compendia Media Group*, 2003 WL 731369 (N.D. Ill. 2003).

### B.  Plaintiff Pled Defendant Used the BitTorrent Protocol to Directly Infringe Plaintiff's Copyrights

"To state a claim for copyright infringement, a plaintiff must allege: '(1) ownership of a valid copyright[;] and (2) copying of constituent elements of the work that are original.'" *White v. Marshall*, 693 F. Supp. 2d 873, 883 (E.D. Wis. 2009) (quoting *Feist Publications, Inc. v.*

*Rural Telephone Service, Inc.,* 499 U.S. 340, 361 (1991)). Plaintiff pled a prima facie case of infringement. "Plaintiff is the owner of United States Copyright Registration Number PA0001799577 (the "Registration") for the motion picture entitled "Transcendence" (the "Work")." *Complaint* at ¶ 11. "A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the registration date is attached as Exhibit B." *Id.* at ¶ 13. "Defendant installed a BitTorrent Client onto his or her computer." *Id.* at ¶ 16. "Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work." *Id.* at ¶ 28. "Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent Protocol and the internet to reproduce, distribute, display, or perform Plaintiff's copyrighted works." *Id.* at ¶ 36. "IPP used forensic software . . . and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions." *Id.* at ¶ 37. "IPP extracted the resulting data . . . reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith . . ." *Id.* at ¶ 38. "The IP addresses, Unique Hash Number and hit dates . . . accurately reflect . . . and show: (A) each Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number." *Id.* at ¶ 39. "By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original." *Id.* at ¶ 47. "Plaintiff did not authorize, permit or consent to Defendants' copying of its work." *Id.* at ¶ 48. "As a result of the foregoing, each Defendant violated Plaintiff's exclusive [copy]right[s]." *Id.* at ¶ 49.

### C. Plaintiff Has Alleged Sufficient Facts to Support a Claim of Contributory Infringement

In addition to properly pleading a claim for direct copyright infringement, Plaintiff has also pled sufficient facts to support a claim for contributory infringement. Indeed, BitTorrent by

its very nature relies on peer cooperation. "A party who, with knowledge of infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.' . . . [I]n order to establish contributory infringement, plaintiff must establish a predicate act of direct infringement." *Seals,* 2003 WL 731369 (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971)). Here, Plaintiff pled that "[t]he BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Work, to the peers seeking to download the computer file." *Complaint* at ¶ 30. "Once a peer receives a piece of the computer file . . . it starts transmitting that piece to the other peers." *Id.* at ¶ 31. "In this way, all of the peers and seeders are working together in what is called a 'swarm.'" *Id.* at ¶ 32. "Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions." *Id.* at ¶ 33. "By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant." *Id.* at ¶ 55. "Plaintiff did not authorize, permit or consent to Defendants' inducing causing or materially contributing to the infringing conduct of each other Defendant." *Id.* at ¶ 56. "Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of the swarm with Defendant." *Id.* at ¶ 57. "Each Defendant knew or should have known that other BitTorrent users in a swarm with it . . . were directly infringing Plaintiff's copyrighted Works by copying constituent elements of the Works that are original." *Id.* at ¶ 58. "Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities." *Id.* at ¶ 59.

4

### D. Defendant's Motion Impermissibly Asks The Court to Reject Plaintiff's Well-Pled Allegations in the Complaint

Defendant's motion to dismiss impermissibly asks this Court to reject Plaintiff's well-pled allegations in the complaint and find that they are false. Black letter law prohibits this. This Court can only ignore Plaintiff's allegations if it is not "plausible" under *Twombly* and *Iqbal* that the subscriber is the infringer. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Flava Works, Inc.*, 2012 WL 2459146. The allegations in Plaintiff's complaint, taken as true, state a claim that is plausible on its face. Plaintiff alleged which Work is the subject of its copyright claim, that Plaintiff owns the copyright in that Work, that the Work is registered, and the specific acts taken by Defendant to infringe the copyright in the Work. Accordingly, this Court cannot properly ignore Plaintiff's allegation that John Doe 16 committed the alleged infringement.

### E. The Second Circuit Denied a Motion to Dismiss Based Upon Nearly Identical Factual Circumstances

In *Arista Records, LLC v. Doe* 3, 604 F.3d 110 (2d Cir. 2010) Arista alleged that multiple unidentified doe defendants were liable for copyright infringement by using a peer-to-peer file sharing protocol. Arista alleged that each doe defendant, identified only by an IP address, was an infringer. Doe 3 filed a motion to quash the subpoena served on his Internet Service Provider ("ISP") and dismiss the claims against him as vague and conclusory. Despite the doe defendants only being identified by IP address, the Second Circuit affirmed the district Court's denial of Doe 3's motion stating "[g]iven the factual detail in the Complaint and its Exhibit, plaintiffs' pleading plainly states copyright infringement claims that are *plausible*." *Id.* at 122 (emphasis added).

**F.  On-Line File Sharing is Infringement**

During her testimony before the U.S. Senate, the Register of Copyrights stated "Mr. Chairman, make no mistake. The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. *Every court* that has addressed the issue has agreed that this activity is infringement."[1]  (Emphasis added.)  Vice President Biden stated: "[i]t's smash and grab, no different than a guy walking down Fifth Avenue and smashing the window at Tiffany's and reaching in and grabbing what's in the window."[2]  The Supreme Court in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005), found that Grokster was liable for contributory infringement because it materially aided and induced its users to commit direct infringement via its peer-to-peer file sharing service.  Similarly, the First, Second, Seventh, Eighth, Ninth and D.C. Circuits have all held that peer-to-peer infringement is actionable.  *See Sony v. Tennenbaum,* 660 F.3d 487 (1st Cir. 2011) holding in a twenty-six (26) page opinion that Tennenbaum was liable for infringement committed through a peer-to-peer network, that peer-to-peer infringement is not "fair use" nor would any other defense shield Tennenbaum's tortious conduct, and that the statutory damages clause set forth in the Copyright Act is constitutional; *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) denying an individual John Doe Defendant's motion to quash a subpoena issued to an internet service provider in response to an allegation that the John Doe Defendant infringed Arista's copyrights through a peer-to-peer file sharing network; *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003) upholding a preliminary injunction

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary,* 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html
[2] *See* http://www.reuters.com/article/2010/06/22/us-usa-trade-web-idUSTRE65L3YN20100622

because Aimster was contributorily liable for its users' direct infringements;  *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005) opining that copyright owners can use a Rule 45 subpoena to identify peer-to-peer file sharers because those file sharers *are* infringing the owners' copyrights; *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) "[w]e agree that the plaintiffs have shown that Napster users infringe at least two of the copyright holders' exclusive rights: the rights of reproduction, § 106(1); and distribution, § 106(3);" and *RIAA v. Verizon Internet Services, Inc.,* 351 F.3d 1229, 1238 (D.C. Cir. 2003) repetitively acknowledging that file sharing is infringement.

Significantly, "District courts . . . agree . . . that downloading [works] from the internet, without paying for [them] or acquiring any rights to [them], is a direct violation of the Copyright Act." *UMG Recording, Inc. v. Alburger*, 2009 WL 3152153, *3 (E.D. PA. 2009).   In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c).  See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).   By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear

and unmistakable intent to permit copyright owners to sue on-line infringers. Ms. Peters

explained that these types of suits are necessary to deter infringement[3]:

> [F]or some users of peer-to-peer technology, even knowledge that what they are
> doing is illegal will not be a sufficient disincentive to engage in such conduct. But
> whether or not these infringers know or care that it is against the law, the
> knowledge that such conduct may lead to expensive and burdensome litigation
> and a potentially large judgment should have a healthy deterrent effect. <u>While we
> would like to think that everyone obeys the law simply because it is the law and
> out of a sense of obligation, we also know that laws without penalties may be
> widely ignored. For many people, the best form of education about copyright in
> the internet world is the threat of litigation.</u> In short, if you break the law, you
> should be prepared to accept the consequences.

*Id*. (Emphasis added.).

### G. Unless Plaintiff's Complaint Can Withstand a 12(b)(6) Motion, Plaintiff Will Have a Right But No Remedy

Defendant's IP address is the <u>only</u> way to identify the infringer. "Plaintiff has shown

good cause for the need to identify the Defendants via the IP addresses in the limited BitTorrent

swarm identified in the complaint." *See* [CM/ECF 10]. And, Plaintiff has the right to sue for

infringement. Accordingly, a ruling that Plaintiff's Complaint cannot withstand a 12(b)(6)

motion would violate Chief Justice Marshall's often cited rule that "the very essence of civil

liberty certainly consists in the right of every individual to claim the protection of the laws,

whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S.

1803).

### H. Plaintiff's Allegations Comply With Rule 11 and Plaintiff's Complaint Was Not Filed in Bad Faith

Plaintiff's allegations fall squarely under Rule 11. Plaintiff has alleged in good faith that

Defendant has infringed its copyrights and provided a declaration in support of its technology

---

[3] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary*, 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

and processes. *See* [CM/ECF 6-1]. Plaintiff's well-pled complaint alleges that the Defendant took specific steps to infringe Plaintiff's works. It is incontrovertible that Plaintiff's technology identified the IP address responsible for infringing Plaintiff's work. Plaintiff's investigator, IPP, Limited, established a direct one-to-one connection with Defendant's internet and received a piece of the copyrighted movie. It is impossible to spoof a direct computer to computer connection. Ultimately, Defendant's only argument is a denial of liability which has no bearing on a 12(b)(6) motion to dismiss, the purpose of which is to "test the sufficiency of the complaint, not to rule on its merits." *Seals*, 2003 WL 731369.

## I. Courts Have Questioned the Propriety of Ruling on a 12(b)(6) Motion to Dismiss Prior to Identifying the Doe Defendant

Some courts have questioned the propriety of addressing a Rule 12(b)(6) motion to dismiss prior to identification of the doe defendants. *See e.g. Arista Records LLC v. Does 1-16*, 1:08-CV-765 GTS/RF, 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) *aff'd sub nom. Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (Doe Defendants are . . . maybe prematurely, seeking a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), without first being designated an actual party to this litigation. The Court does not know of any procedure which would allow prospective parties the right to move to dismiss a complaint that has not been officially served upon them."); *AF Holdings, LLC v. Does 1-162*, 2012 WL 488217 (S.D. Fla. 2012) ("To the extent the Doe Defendant seeks dismissal for failure to state a claim under Federal Rule 12(b)(6), such relief would be . . . premature.")

## J. Defendant's Remaining Arguments Are Mere Denials of Liability and Have No Bearing on a 12(b)(6) Motion to Dismiss

Defendant's remaining arguments have no bearing on Defendant's 12(b)(6) motion to dismiss. Defendant's arguments at pages 16-20 are merely factually incorrect defenses to

Plaintiff's allegations that Doe 16 infringed its copyrights. As previously stated, a 12(b)(6) motion is not an adjudication on the merits but instead only tests the sufficiency of Plaintiff's Complaint. Doe 16's Defenses are premature since he/she has yet to be named and served in this copyright infringement action. "Doe Defendants [will have] a full opportunity to deny their liability and to raise any . . . defenses at the appropriate time *if* they are named as defendants in this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011) (emphasis added). Since Doe 16 has not yet been named and served as a party to this copyright infringement lawsuit, his/her denials and defenses are irrelevant. "Without discovery regarding the identity of the various Doe defendants, it is unclear whether the individuals in question are parties to the suit; and even assuming they are parties, [the Court] lack[s] sufficient information at this time for evaluating their . . . defenses." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 259 (N.D. Ill. 2011).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: January 10, 2013

<div style="margin-left:40%">

Respectfully submitted,
NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*