**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-07579 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-23, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO SEVER
COMPLAINT AGAINST DEFENDANT JOHN DOE 16 AND
QUASH SUBPOENA AGAINST SAME [CM/ECF 13]**

**I.      INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not demonstrated a proper basis to quash the subpoena and joinder is proper. Defendant's motion relies almost entirely upon the assertion that identifying an anonymous on-line infringer by his/her IP address is legally improper. This argument is wrong, and if accepted, would eviscerate a copyright holder's ability to sue for infringement over the internet. Additionally, Defendant has failed to demonstrate any of the requirements of Rule 45 which governs a court's ability to quash a subpoena. Defendant's joinder argument also fails because joinder of the Defendants in this case is proper. Plaintiff pled that the Defendants are jointly and severally liable for the infringing activities of each of the other Defendants and that the Defendants' actions all arise out of the same series of transactions involving the exact same torrent file. Additionally, there are common questions of law and fact. Further, this Court has previously issued six (6) opinions holding joinder of doe defendants is proper in similar cases.

1

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers' identities. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. Accordingly, this Court should deny the subject motion.

## II. THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. "<u>No</u> <u>other</u> <u>grounds</u> <u>are</u> <u>listed</u>." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012) (emphasis added). Defendant's Motion fails to satisfy any of the above grounds and should therefore be denied.

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003)* available at http://www.copyright.gov/docs/regstat090903.html

### A. Misjoinder is Not a Valid Ground to Quash the Subpoena

Rule 45 provides limited enumerated circumstances where a court is authorized to quash or modify a subpoena. "[T]he plain language of Rule 45 does not authorize the Court to quash a subpoena based on misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012). *See also Malibu Media, LLC v. John Does 1-43*, 2:12-cv-12597, CM/ECF 24 at p. 3 (E.D.Mi. 2012) citing *Malibu Media v. John Does 1-6*, 2012 WL 3590906 (D. Colo. 2012) ("The Colorado court also pointed out that nothing in Rule 45 authorized a court to quash a subpoena based on misjoinder.") Accordingly, Doe 16's motion to quash the subpoena should be denied.

### B. The Only Two Circuit Courts to Rule on the Issue Have Approved the Use of Rule 45 Subpoenas to Identify Anonymous On-line Infringers

Both the Second and Eighth Circuits, the only circuits to rule on the issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. In *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants. Similarly, the Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005).

### C. **Plaintiff Has No Alternative Means to Identify the Infringer**

"At this stage of the proceedings, [Plaintiff] is merely seeking to identify who the defendants are based on their IP addresses." *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011). Doe 16's argument that using an IP address to identify an infringer is improper is wrong and contrary to established law. "Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy." *Malibu Media LLC v. John Does 1-12*, 2012 WL 5928528 (C.D. Ill. 2012). This Court found that "Plaintiff has shown good cause for the need to identify the Defendants via the IP addresses" because Plaintiff has no other way to identify the infringers and proceed with its copyright infringement claims. *See* [CM/ECF 10].

Even if Defendant is not the actual infringer but merely the subscriber of internet service, the infringer was another person who was using the Defendant's internet service and "the Rules permit parties to obtain discovery of 'the identity and location of persons who know of any discoverable matter.'" *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *14 (E.D. Pa. 2012) (emphasis added) (quoting *Fed. R. Civ. P. 26(b)(1)*). Accordingly, "[w]hether the individuals whose identities are sought by the subpoena are liable remains to be litigated and does not provide grounds upon which to quash the subpoena. The identi[t]y of individuals who may have violated the copyright is essential to resolving the copyright holder's claim." *Third Degree Films, Inc. v. Does 1-2010,* 2011 WL 4759283 (N.D. Ind. 2011). Other courts agree, noting that "any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by

4

minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery." *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-669-T-23AEP, *5 (M.D. Fla. 2012).

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

*Raw Films,* 2012 WL 1019067 (E.D. Pa. 2012) (Internal citations omitted). The *Raw Films* Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a <u>reasonable likelihood</u> that <u>information facilitating service upon proper defendants will be disclosed</u> if the ISPs comply." *Id.* (Emphasis added). Furthermore, "[t]he customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. The subpoenas . . . are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012).

While, as Defendant suggests, Plaintiff's process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address. Indeed, it is the only way to enforce one's copyrights against online infringement. Without this ability, copyright owners would have a right without a remedy. Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

### D. **Defendant's Denial of Liability Has No Bearing on a Motion to Quash**

Defendant's denial of liability is currently premature and is regardless not "relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once

5

parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (*citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co.*, 736 F.Supp.2d at 215). *See also First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256-57 (N.D. Ill. 2011) (same); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) (same). Prior to naming and serving a Doe Defendant, any denials of liability are not properly considered by this Court because Plaintiff is still merely attempting to identify the putative defendants.

### III.   JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094 (2d Cir. 1992) (*quoting 6A Wright, Miller & Kane § 1581*).   "Here, <u>the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.</u>'   Accordingly, we find that the Rule 20(a)(2) criteria for joinder are satisfied." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (emphasis added). Plaintiff's Complaint alleges more than "merely committing the same type of violation in the

6

same way" because the operation of the BitTorrent protocol necessitates a synergistic effort by all peers in a swarm.

### A. The Infringement Occurred Through a Series of Transactions

Under Fed. R. Civ. P. 20(a) "series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974.

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i. Here, Plaintiff Properly Pled a Series of Transactions

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant. In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited. First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a

seeder who downloaded the movie from the initial seeder or other infringers. Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers. Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *5 (E.D. Mich. 2012). See also *Raw Films v. John Does 1-15*, 2012 WL 1019067, at *4 (E.D. Pa. 2012) ("the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.") Each defendant participated in the same series of transactions. These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

### ii. The Supreme Court Allows Joinder When the Defendants Do Not Directly Interact With Each Other

In *United States v. Mississippi*, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any

8

way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. *Id.* at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

*Id.* at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie. Defendant's argument that joinder is improper because the infringement occurred from different locations using different IP addresses is therefore unavailing. The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. The Defendants all acted under the same exact system. Just as it was not alleged in *United States v. Mississippi* that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for

9

an extended period of time. Even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download. Accordingly, Doe 19's assertion that he/she was away from the computer at the time of the alleged infringement is non-dispositive.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder.

*Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

"While the period at issue may . . . appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (memorandum and order denying motion to sever and dismiss). "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added).

### C. There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiff's claims against the putative defendants to contain a common question of law or fact. "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights

reserved to the plaintiffs as copyright holders." *Nu Image, Inc. v. Does 1-3, 932*, 2012 WL 1255189 (M.D. Fla. 2012). The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." *Call of the Wild Movie v. Does 1-1,062*, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011). *See also Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 (E.D. Pa. 2012); *Patrick Collins Inc., v. John Does 1-43*, 2:11-cv-04203-FSH-PS (D. NJ 2012).

### D. Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendants

Joinder of the Defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "[Defendant] . . . asks the Court to exercise its discretion to sever the case because joinder does not promote judicial economy . . . [But,] [j]oinder at the discovery phase would be more efficient than the same discovery in . . . separate cases . . . At this point . . . severance is denied." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). *See also Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012) ("The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 at n. 6 (S.D.N.Y. 2012) ("[C]ourts have opined that requiring aggrieved parties to file hundreds or even thousands of separate copyright infringement actions would neither be cost efficient for the plaintiffs nor promote convenience or judicial economy for the courts.")

Plaintiff acknowledges that Doe Defendants may later assert different factual and legal defenses, "but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *K-Beech Inc., v. John Does 1-57*, Case 2:11-cv-00358-CEH-SPC, at *12 (M.D. Fla. 2011). *See also Patrick Collins, Inc. v. John*

11

*Does 1-15*, 2012 WL 415436 (D. Colo. Feb. 8, 2012) (same) (quoting *Call of the Wild Movie,* 770 F.Supp.2d at 343).

### E. Defendant's Filing Fees Argument Has Been Rejected by Other Courts

Recently, the District Court for the District of Columbia examined the issue of filing fees in copyright infringement cases in an evidentiary hearing on the issue of joinder. "The Movant ISPs acknowledged that the plaintiff would not be able to protect its copyright if the Court were to sever the unknown defendants in this action due to the cost of filing an individual lawsuit for each of the thousands of IP addresses identified as being used for allegedly online infringing activity. Hearing Tr. at 127–28 (Apr. 27, 2012)." *AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917 (D.D.C. 2012). Judge Howell expressly found that individual filing fees would impossibly burden a plaintiff's Petition Clause right.

> Severing the Doe defendants would essentially require the plaintiff to file 1,058 separate cases, pay separate filing fees, and obtain 1,058 separate subpoenas for each of the Listed IP Addresses. <u>This burden for the plaintiff—not to mention the judicial system—would significantly frustrate the plaintiff's efforts to identify and seek a remedy from those engaging in the alleged infringing activity.</u> Moreover, such an outcome would certainly not be in the "interest of convenience and judicial economy," or "secure the just, speedy, and inexpensive determination of th[e] action." *Lane,* 2007 WL 2007493, at *7 (declining to sever defendants where "parties joined for the time being promotes more efficient case management and discovery" and no party was prejudiced by joinder).

*Id.* at *13. (Emphasis added.)

The District Court for the District of Colorado has also addressed the issue of filing fees in copyright infringement actions and noted that requiring a plaintiff to pay the filing fees for each defendant limited its ability to protect its rights, contrary to Fed. R. Civ. P. 1. *See Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D. Colo. 2012).

> If the Court were to sever the Doe Defendants at this juncture, Plaintiff would face significant obstacles in its efforts to protect the Work from copyright infringement, which would only needlessly delay the suit. Furthermore, <u>Plaintiff

> would need to file individual cases, which would require Plaintiff to pay the Court separate filing fees in each case, further limiting its ability to protect its legal rights. *See* Fed.R.Civ.P. 1 (providing that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding."). Thus, Plaintiff would be substantially prejudiced by severance.

*Id.* at *3. (Emphasis added.)

### i. Plaintiff is Not Using Joinder to Support an Improper Low-Cost Business Model

"Those addressing joinder as a threshold issue have noted that allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee. Underlying this approach is a belief that the plaintiff's business model could not support separate lawsuits against each individual defendant." *Malibu Media, LLC v. John Does 1-22*, 1:12-cv-02598-REB-MEH, Order [CM/ECF 147] at p. 5. "In this district, Plaintiff has repeatedly demonstrated its willingness to proceed against a single defendant . . . Because Plaintiff appears to sue individuals after it obtains their identities, the Court is not persuaded that severing defendants prior to discovery would deter Plaintiff from pursuing its claims." *Id.* Accordingly, although Plaintiff is able to bring some suits against individual Doe Defendants, the quantity of suits that Plaintiff could financially afford to bring would be significantly less if forced to litigate only against individual Does. The desired deterrent effect necessary to sustain Plaintiff's business in the face of widespread theft would accordingly be significantly less and the infringement would continue unabated.

Plaintiff Malibu Media's founders invested their money into creating a website business. That business has costs and employees. People, like the Doe Defendants, are knowingly stealing Plaintiff's product entirely too often. Plaintiff has a constitutional right under the Petition Clause to sue its tortfeasors in an efficient way. Neither the proliferation of the number of

13

lawsuits nor the content of the underlying works at issue should affect that constitutional right. Indeed, "the proliferation of these types of lawsuits would be expected given the alleged infringement by thousands of people." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012).

### F. This Court Has Previously Issued Six (6) Opinions Holding Joinder is Proper

This Court has issued six (6) opinions addressing the same issues in BitTorrent copyright infringement actions holding that similar motions should be denied because joinder is proper at this stage of the litigation proceedings. *See First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) ("At this stage, joinder is appropriate."); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("An examination of each of these requirements shows that joinder is proper at this time."); *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011) ("The Court also finds that the putative defendants' arguments that they were improperly joined are premature."); *Hard Drive Productions, Inc. v. Does 1-55*, 2011 WL 4889094 (N.D. Ill. 2011) ("At this pleading stage, Hard Drive's allegation that Does 1–55 have infringed Hard Drive's copyright through BitTorrent—the nature of which necessitates a concerted action by many people in order to disseminate files—is sufficient to satisfy Rule 20(a)."); *Pac. Century Int'l v. Does 1-31*, 2012 WL 2129003 (N.D. Ill. 2012) ("at least at this stage, Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20."); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 (N.D. Ill. 2012) ("joinder is appropriate in this case because Sunlust has alleged sufficient facts to provide a basis for joinder of all of the defendants.")

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: January 10, 2013

                                                     Respectfully submitted,
                                                    NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel: (248) 203-7800
        Fax: (248) 203-7801
        E-Fax: (248) 928-7051
        Email: paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                       By:   /s/ *Paul J. Nicoletti*