**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. <u>1:12-cv-07579</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-23, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR CL[A]RIFICATION [CM/ECF 14]**

Defendant's Motion for Clarification is improper and should be denied. Defendant's Motion is a combination of denials of infringement and other defenses as well as a request for this Court to pre-emptively limit Plaintiff's recovery. Because Doe 16 has not yet been served and is not yet a party to this suit and for the reasons explained more fully herein, this Court should deny Defendant's motion.

Defendant's motion is premature first because it asserts a number of defenses. Prior to being named and served as a Defendant in this copyright infringement action, any defenses asserted are not properly before this Court. As stated in Plaintiff's Opposition to Defendant's Motion to Dismiss, "Doe Defendants [will have] a full opportunity to deny their liability and to raise any . . . defenses at the appropriate time *if* they are named as defendants in this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011) (emphasis added). Since Doe 16 has not yet been named and served as a party to this copyright infringement lawsuit, his/her denials and defenses are irrelevant. "Without discovery regarding the identity of the various Doe defendants, it is unclear whether the individuals in question are parties to the suit; and even assuming they are parties, [the Court] lack[s] sufficient information at this time for

1

evaluating their . . . defenses." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 259 (N.D. Ill. 2011).

Next, Defendant is essentially requesting that this Court preemptively limit Plaintiff's ability to recover. Before even being named as a Defendant in the suit, Doe 16 requests that this Court find that any infringement was not willful and therefore preemptively limit any award of statutory damages to $30,000 maximum. Plaintiff's Complaint alleges that the infringing conduct was willful. In this case the work that was infringed by the Defendants contained a proper copyright notice and therefore "no weight shall be given to [Defendant's] interposition of a defense based on innocent infringement." *17 U.S.C. § 401(d)*. The Copyright Act states that the Court may in its discretion "increase the award of statutory damages to a sum of not more than $150,000" in cases where the "infringement was committed willfully." *17 U.S.C. §504(c)(2)*. In light of the fact that Doe 16 may not even be named as a Defendant in this lawsuit, however, Defendant's request is premature and also improper.

Further, Plaintiff has not yet made an election of remedies. The Copyright Act provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action[.]" *17 U.S.C. § 504(c)(1)*. This case is in its infancy. Indeed, Plaintiff has not served a single Defendant in this case because Plaintiff has yet to obtain the identities of the anonymous on-line infringers. Accordingly, any attempt to limit an award of statutory damages is at present premature because Plaintiff has not yet elected to recover statutory damages instead of its actual damages.

Finally, Defendant attempts to question whether Plaintiff is entitled to statutory damages since "[i]t is possible that the copyright registration occurred after the alleged copyright

infringement occurred[.]" This argument is erroneous. Exhibit "A" to Plaintiff's Complaint shows that Doe 16 infringed Plaintiff's work on August 12, 2012. Plaintiff's work was registered on July 31, 2012. Accordingly, the infringement occurred after the date of registration. To the extent that Doe 16 may be referring to 17 U.S.C. § 412, Defendant's argument again fails. Section 412 states "[i]n any action under this title . . . no award of statutory damages . . . shall be made for—(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, *unless* such registration is made within three months after the first publication of the work." *17 U.S.C. § 412(2)* (emphasis added). Plaintiff is able to recover statutory damages because Plaintiff's work was registered within three months of the date of first publication of the work, as required by the statute. "Section 412(2) provides a three-month grace period within which to register the work from the date of first publication and still collect statutory damages and attorney's fees." 6 Patry on Copyright § 22:202. "[F]ull remedies could be recovered for any infringement begun during the three months after publication if registration is made before that period has ended. This exception is needed to take care of newsworthy or suddenly popular works which may be infringed almost as soon as they are published, before the copyright owner has had a reasonable opportunity to register his claim." *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 536 (E.D.N.Y. 1988). Plaintiff's work was first published on July 28, 2012 and was registered on July 31, 2012, easily within the three month grace period afforded by the statute.

Accordingly, for the foregoing reasons, Plaintiff respectfully requests this Court deny the subject motion.

Dated: January 10, 2013

Respectfully submitted,
NICOLETTI & ASSOCIATES, PLLC

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Paul J. Nicoletti*