IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-07579 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-23, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**MOTION TO QUASH [CM/ECF 15]**

Plaintiff respectfully requests this Court deny Defendant's motion, [CM/ECF 15] because Defendant has not provided a valid reason to quash the subpoena and Plaintiff must obtain the subpoena response in order for this case to proceed. Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. Defendant has failed to demonstrate any of the requirements of Rule 45(c)(3) and therefore has no valid ground on which to argue for this Court to quash the subpoena. Accordingly, Defendant's motion should be denied.

Although Defendant denies having committed the alleged infringement, Defendant's denial is not properly considered at this stage of the litigation since it is well settled law that, "[a]

1

general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co.*, 736 F.Supp.2d at 215). *See also e.g. First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256-57 (N.D. Ill. 2011) (same); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena.") Although Defendant argues that there is a "possibility of mistaken/mismatched IP identities," "[Defendant's] arguments may or may not be persuasive at trial or summary judgment, but this is a discovery issue. [Plaintiff] seeks to use the subpoenas to secure information from the ISPs. [Plaintiff] may do so if the information sought is not privileged and is relevant to the claims . . . Relevance is a broad concept at the discovery phase." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). Defendant's identifying information is relevant and discoverable in light of the broad scope of discovery provided for under Rule 26(b)(1) of the Federal Rules of Civil Procedure. ("Parties may obtain discovery regarding . . . the identity and location of persons who know of any discoverable matter.")

> The identity of the customers associated with the Alleged IP Addresses is relevant under this standard. The customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology.

*Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012) Accordingly, the only way for this case to proceed is for Plaintiff to obtain the subpoena response from Defendant's ISP so that Plaintiff may name and serve the Defendant.

2

Without being able to identify the Defendants, Plaintiff would not know who it is serving and would be unable to verify any asserted defenses. This Court granted Plaintiff leave to conduct early discovery to uncover Defendant's identity because "Plaintiff has shown good cause for the need to identify the Defendants via the IP addresses in the limited bitTorrent swarm identified in the complaint." *See* [CM/ECF 10]. "Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy." *Malibu Media LLC v. John Does 1-12*, 2012 WL 5928528 (C.D. Ill. 2012). Accordingly, Plaintiff respectfully requests the Court allow it to obtain the subpoenaed information from Defendant's ISP so that it may ascertain the identity of the alleged infringer and evaluate the propriety of proceeding with its claim for copyright infringement against this Defendant.

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject motion.

Dated: January 17, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*