UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-cv-07579 |
| v. | ) | |
| | ) | Honorable Thomas Durkin |
| JOHN DOES 1-23, | ) | |
| | ) | |
| Defendants. | ) | |

JOHN DOE 20'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO PROCEED
ANONYMOUSLY PURSUANT TO FED. R. CIV. P. 8, MOTION TO QUASH SUBPOENA
PURSUANT TO FED. R. CIV. P. 45, AND MOTION TO SEVER PURSAUNT TO FED. R.
CIV. P. 21

NOW COMES John Doe 20, by and through counsel, and in support of his Motion for

Leave to Proceed Anonymously, Motion to Quash, and Motion to Sever, shows the Court as

follows:

I.    ARGUMENT AND CITATION OF AUTHORITY

A.    Movant Clearly Has Standing To Challenge The Subpoena.

Plaintiff's opposition focuses on the usual legal standards that apply to quashing most

subpoenas, but a different standard applies to subpoenas seeking to identify anonymous John

Doe defendants in file sharing cases.

First, as to the usual grounds for quashing a subpoena under Fed. R. Civ. Proc. 45(c)(3),

Plaintiff neglects to address the part of the rule that is actually applicable, namely that part

specifying that a subpoena *must* be quashed where it "requires disclosure of a privileged *or other*

*protected matter*." Fed. R. Civ. Proc. 45(c)(3)(A)(iii) (emphasis added).

Second, and more importantly, plaintiff's oppositions ignore the substantial body of case

law holding that in cases like this, where a subpoena is being used as part of an *early discovery*

*request, to unmask anonymous John Doe litigants in file sharing cases*, the Court must consider the so-called "*Semitool*" or "*Sony Music*" factors.[1]

While many courts rightly conclude that file sharing is not really pure speech, and thus afforded only very limited First Amendment protection,[2] before a Court upholds (or authorizes) a subpoena seeking to unmask anonymous activity, the Court must first apply the requisite First Amendment analysis by balancing the four *Semitool / Sony Music* factors. Here, the Subpoena fails on two of the four factors, specifically: (i) as explained above, plaintiff has not demonstrated a "reasonable likelihood" of being able to identify the defendant through discovery such that service would be possible; and (ii) the complaint cannot withstand a hypothetical motion to dismiss all Does other than Doe No. 1, for misjoinder, or a motion to dismiss for lack of standing.

B.     John Doe 20 Should Be Permitted To Proceed Anonymously Because His Privacy Interests Outweigh The Public's Interest In Knowing His Identity.

In its response to John Doe 20's Motion, Plaintiff indicated that it had no objection to John Doe 20 proceeding anonymously through discovery and dispositive motions. Plaintiff is involved in a number of other cases in which courts have issued protective orders pursuant to Federal Rule of Civil Procedure 26(c), which provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). One of the more recent cases in which such an

---

[1] The Ninth Circuit's factors from *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, (N.D. Cal. 2002) largely track with the Second Circuit's factors from *Sony Music Entm't Inc. v. Does 1–40,* 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

[2] *See See Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection."); *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 (Howell, J.) ("file-sharers are engaged in expressive activity, on some level, when they share files on BitTorrent, and their First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants anonymity by compelling production of the defendants' identifying information.")

order was entered is the "Bellwether" case currently pending before the Honorable Michael M. Baylson, Eastern District of Pennsylvania. A copy of Judge Baylson's Memorandum Order is attached hereto as Exhibit A. *Malibu Media, LLC v. John Does 1-14*, 2:12-cv-02084-MMB (EDPA, October 3, 2012). Judge Baylson ordered that the identities of the John Doe defendants remain anonymous through pretrial proceedings in light of the potentially embarrassing nature of the allegations in the complaint and the defendants' claims of innocence. Judge Baylson did not order that any documents could be sealed. He merely ordered that any documents filed publicly refer to the defendants by their "John Doe" identifier rather than their real name. However, he also noted that the real names of the John Doe defendants could be disclosed to other parties to the case and in any *in camera* submissions to the court. (Ex. A, page 17-18).

In *Digital Sin, Inc. v. John Does 1-176*, the Honorable Alison J. Nathan issued a protective order requiring that identifying information produced to Digital Sin by the ISPs remain confidential for a limited period of time. A copy of Judge Nathan's widely cited opinion is attached hereto as Exhibit B. Judge Nathan noted that her concern that many of the names and addresses turned over by the ISPs would not be those of the individuals who actually downloaded the copyrighted works at issue was supported by the admission by counsel for Digital Sin that approximately 30% of the names turned over by ISPs in these mass downloader cases are not those of the actual infringers. (Ex. B, page 5-6). She noted that the risk of false positives would result in unjust settlements if persons so accused elected to settle rather than have their identities publicly disclosed in the context of the downloading and putative viewing of pornographic material.

As noted in John Doe 15's Motion, Judge Tharp recently entered an order permitting a John Doe defendant in a case much like the case at bar to proceed anonymously through the

discovery process. Judge Tharp examined the case law pertaining to anonymous proceedings (again, not sealed documents, but rather simply referring to the defendant as a John Doe in public filings) aptly noting that the case involved "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing the John Doe defendant to remain anonymous was small, and that the plaintiff would not be prejudiced by his ruling. *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012). Judge Tharp expressly noted that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. Id., *citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). He also noted that because as a defendant, a John Doe has not purposely availed himself of the courts, the public's interest in knowing his identity is weaker.

Though not all people would consider the downloading and viewing of pornography embarrassing, the fact remains that many people do consider it so. Defendant John Doe 20 is among those people, and he is concerned about the effect of public disclosure of his identity on his family and professional concerns. John Doe 20 denies that he is the alleged infringer. Considering the known error rate in identification of actual infringers, the very real harm to reputation that would be suffered by John Doe 20 if his identity was publicly disclosed, and the very small, if any, harm to the public that would result from having access to publicly-filed documents that merely refer to John Doe 20 as such, and not by his actual name, entry of a protective order in this case is appropriate and warranted.

The circumstances pertaining to John Doe 20 warrant entry of a protective order pursuant to Fed. R. Civ. P. 26, permitting him to proceed anonymously by precluding his identification by name in publicly filed documents in this matter.

C.  The Subpoenas Issued By Malibu Media Are Returnable To Malibu's Counsel In Michigan, Which Does Not Comport With Federal Rule of Civil Procedure 45(a)(2)(C).

A subpoena must issue from the court for the district where the production or inspection is to be made. *Battle v. Chicago Cycle, Inc.*, 2012 WL 550507, at *4 (N.D. Ohio Nov. 13, 2012); *J2 Goobal & Advanced Messaging Techs., Inc. v. Bank of Am. Corp.*, 2012 WL 5198367, at *2 (W.D.N.C. Oct. 19, 2012); *Schutter v. Easton Sports, Inc.*, 2012 WL 4966295 (M.D. Pa. Oct. 17, 2012); *Hickman v. Hocking*, 2009 WL 35283 (S.D. Ill. Jan. 6, 2009); *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 2007 WL 627459 (S.D. Ill. Feb. 27, 2007).

In a recent ruling, the Honorable Gary Feinerman entered an Order quashing subpoenas issued by Malibu Media for this very reason. (*See Malibu Media, LLC v. John Does 1-37, 12-cv-06674*, Minute Orders entered December 21, 2012 (Doc. 26) and January 9, 2013 (Doc. 33).

The subpoena issued by Malibu Media in this matter was issued by Paul Nicolletti, Malibu's counsel in Michigan. (Ex. C). As such, under the authority cited above, and relied upon by Judge Feinerman, the subpoena must be quashed.

WHEREFORE, Movant respectfully requests that the Court enter an Order quashing the subpoena issued to Comcast seeking his identifying information or, in the alternative, that he be permitted to proceed anonymously in this matter through discovery and dispositive motions.

Respectfully submitted,

/s/ Erin Kathryn Russell
Erin Kathryn Russell
233 South Wacker Drive
84th Floor
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

This is to certify that on February 14, 2013, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin Kathryn Russell