United States District Court
Northern District of Illinois

Malibu Media, LLC,
Plaintiff

v.

John Does 1-23,
Defendant

Case: 1:12-cv-07579

**FILED**

FEB 14 2013
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

DEFENDANT'S REPLY TO THE OPPOSITION OF MOTION TO QUASH

John Doe #2 respectfully offers the following:

I. ON REQUIREMENTS FOR SUBPOENA

According to Rule 45 (a)(1)(A)iii, each person is commanded to "produce designated documents"…or "tangible things" relevant to the case. No documents supporting or corroborating the alleged downloading activity, or anything tangible, were requested in the Subpoena. Only the personal identification linked to an IP address is sought. This indicates a strategy not necessarily directed at furthering the factual realities of any downloading action, but moreso geared at identifying individuals who can be approached. We maintain that names are unnecessary in protecting the interest of PRIVACY rights, especially since our involvement is likely a case of mistaken identity. There is a hint of a fishing expedition present and a slight presumption of guilt.

II. ON THE NEED FOR PERSONAL INFORMATION

An IP address is not a person, permanent and fixed over time. It can be used by different people, at different times, so it seems fruitless to link someone's personal identification to it.

According to a recent ruling from the Central Illinois U.S. District Court, "IP subscribers are not necessarily copyright infringers…the infringer might be the subscriber, someone in the subscriber's family, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." [Order of 4/29/2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068. (Central District of Illinois) (Judge Harold A. Baker).]

1

We did not download, do not have bitTorrent software, and have no knowledge of anyone downloading.

Plaintiff suggests that we may provide information about downloading by a neighbor, etc. However, we have no such information. In our case, the IP address for DOE #2 was assigned within minutes of the alleged downloading. The likelihood of misidentification is clear, as stated in the Motion to Quash; yet, the Plaintiff has chosen not to accept this and thereby relieve the court of any unnecessary litigation.

III. ON ESTABLISHING AN UNDUE BURDEN

Once personal identity is revealed, the subscriber is put into a defensive mode, most probably requiring the assistance of legal counsel—at considerable expense—in order to protect his or her rights in U.S. District Court. This represents an undue burden when the case is likely one of mistaken identity.

John Doe #2 has so far attempted to address this case with personal research of available resources on the Internet. Beyond this point, the time and expense of defending this case will most likely become an "undue burden." [FRCP, 45(c)(1) and 45(c)(3)(A)iv].

IV. ON DUTIES IN RESPONDING TO A SUBPOENA

While 45(d)(1) requires "producing documents or electronically stored information," nothing would be provided in response to the subpoena except the names and addresses of subscribers. This further supports the notion that the Plaintiff is not interested in definitively determining the specifics of any downloading activity, but is rather fishing for targets.

DATED:     February 14, 2013

          Respectfully submitted,
          John Doe #2

          *John Doe #2* (signature)