MY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

FILED

FEB 1 4 2013
Feb 14 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MALIBU MEDIA, LLC,

                      Plaintiff,

                                 Case No. 1:12-cv-07579
                                 Honorable Thomas M. Durkin

v.

John Does 1-23,

                      Defendant.

## RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRNATED [CM/ECF 12]

INTRODUCTION

      The plaintiff's response does not address how their complaint satisfies the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)(2) as presented by the Defendant in Section I. Legal Standard.

The following is a response to the Plaintiffs Memorandum in opposition to Defendant's motion to dismiss, where the Plaintiff provided a response to each section of the Defenses motion. For the majority of the Defense's motions, the Plaintiff did not respond to:

**II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

The plaintiff did not respond to the defense motion. However quoting from the plaintiff memorandum in opposition to the Defense's motion:
                "allegations pled as legal conclusions are not entitled to a
        presumption of truth. *Iqbal*, 556 U.S. at 677-79"

This supports the defense's assertion of the plaintiff's conclusion that the person paying the internet bill is the alleged infringer is not entitled to a presumption of truth.

        Despite the overwhelming and specific findings and admissions to the contrary, Plaintiff admittedly named the Defendant as the alleged infringer simply because his name is on the cable bill. (Complaint ¶9). This central allegation is merely a guess. This legal fiction has been resoundingly rejected by numerous courts. Rule 8(a)(2) requires more. It requires Plaintiff to plead facts sufficient to allow the court to draw the reasonable inference that the defendant was the person who actually engaged in the alleged infringing activity. Plaintiff has failed to carry this burden and its Complaint should be dismissed.

### B. PLAINTIFF FAILS TO ALLEGE FACTS THAT DEFENDANT COMMITTED A VOLITIONAL ACT OF COPYRIGHT INFRINGEMENT

The Plaintiff memorandum in opposition to defense's motion simply repeats the plaintiff complaint and does not provide any new information or a response to defense's motion. Since an IP address cannot identify a person, it certainly cannot identify a person that actually committed a volitional act of direct infringement.

### C. PLAINTIFF'S SUPPORTING EVIDENCE IS INACCURATE. MISLEADING AND NOT OFFERED IN GOOD FAITH

The Plaintiff memorandum in opposition to defense's motion does not provide a response.

### D. COUNSEL IN IDENTICAL CASES HAVE ADMITTED ON THE RECORD THAT THERE EXISTS A SIGNIFICANT RISK OF MISIDENTIFICATION

The Plaintiff memorandum in opposition to defense's motion does not provide a response.

### E. PLAINTIFF'S ALLEGATIONS ARE LIKELY UNSUPPORTABLE UNDER EVEN RULE 11

The Plaintiff does not provide information regarding how they know the person paying the internet bill is the person that may have infringed on a copyright. The Plaintiff provided declaration [cm/ecf 6-1] again does not provide information on how the plaintiff can claim that the person paying the internet bill committed the alleged infringement.

In addition, the declaration of Tobias Fieser, in support of Plaintiff's motion for leave to serve third party subpoenas prior to a rule 26(F), contradicts itself. As an example, on line 22 of the declaration:

"I was provided with a control copy of the copyrighted **works** identified on Exhibit B (the "**Movies**"). I viewed the **Movies** side by side with the digital media file identified by the hash value set forth on Exhibit B and determined that the digital media file contained **movies**"

Apparently Mr. Fieser, a German citizen working for a German company, signed under penalty of perjury under the laws of the United States of America that he watched multiple pornographic movies or multiple works as listed in Exhibit B of this case. However, the Complaints Exhibit B and the Exhibit B in Mr. Fieser's Declaration only list one movie. The complaint filed by the plaintiff accuses the defendants of infringing on one movie not multiple movies. The validity of Mr. Fieser declaration with which the plaintiff bases its motion for leave to serve third party subpoenas prior to a rule 36(f) is questionable.

In a nearly identical case as this one, in the central district of California Ingenuity 13 LLC v John Doe, No. 2:12-cv-8333-ODW(JCx) (Doc # 22), Honorable Judge Wright on 12/20/2012 issued an order vacating prior early discovery orders and ordered the plaintiff Ingenuity 13 LLC to show cause. Quoting from Judge Wright's order:

*"The Court is concerned with the potential for discovery abuse in cases like this. Ingenuity 13 accuses the Doe Defendant of illegally copying a pornographic video.*

*But the only information Ingenuity 13 has is the IP address of the Doe Defendant. An IP address alone may yield subscriber information. But that will only lead to the person paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger. Malibu Media LLC v. John Does 1–10, No. 2:12-cv-01642-RGK-SSx, slip op. at 4 (C.D. Cal. Oct. 10, 2012). And given the subject matter of Ingenuity 13's accusations and the economics of defending such a lawsuit, it is highly likely that the subscriber would immediately pay a settlement demand—regardless whether the subscriber is the actual infringer. This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. And unlike law enforcement in child pornography or other internet crime cases, the Court has no guarantee from a private party that subscriber information will not abused or that it would be used for the benefit of the public. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition discovery when all a plaintiff has is an IP address—the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage."*

Honorable Judge Wright goes on to order the plaintiff to show cause:

*"Thus, the Court hereby ORDERS Ingenuity 13 TO SHOW CAUSE in writing by December 31, 2012, why early discovery is warranted in this situation. No appearances are necessary. Under Ninth Circuit precedent, a plaintiff should ordinarily be allowed discovery to uncover their identities, but discovery may be denied if it is (1) clear that discovery would not uncover the identities, or (2) that the complaint would be dismissed on other grounds. Gillespie v. Civiletti, 629 F.2d 637,*

*642 (9th Cir. 1980). Ingenuity 13 must demonstrate to the Court, in light of the Court's above discussion, how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens. Ingenuity 13 must also explain how it can guarantee to the Court that any such subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route)."*

I would ask the court in this case to take the same actions and make the same request to this Plaintiff in this case because the plaintiff's complaint, logic, history, and intent are the same in these cases. After receiving the plaintiff evidence, which is the same evidence presented in this case's, compliant Judge Wright on 2/7/2013 issued an Order to show cause re-sanctions for rule 11 and local rule 83-3 violations (Ingenuity 13 LLC v John Doe, No. 2:12-cv-8333-ODW(JCx) doc #48)

*"To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for candy from a display does not automatically mean he stole it. No Court would allow a lawsuit to be filed based on that amount of evidence.*

*What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, an encrypted, unusable chunk of zeroes and ones. And as part of its prima facie copyright claim, Plaintiff must show that Defendants copied the copyrighted work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous."*

*[...]*

*"The Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand. Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court—not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos."*

*[...]*

*"Based on the evidence presented at the March 11, 2013 hearing, the Court will consider whether sanctions are appropriate, and if so, determine the proper punishment. This may include a monetary fine, incarceration, or other sanctions sufficient to deter*

*future misconduct. Failure by Mr. Gibbs to appear will result in the automatic imposition of sanctions along with the immediate issuance of a bench warrant for contempt."*

I request the court to vacate prior early discovery order and dismiss the case with prejudice for failure to meet rule 11.

### F. COMCAST (THE ISP) ASSIGNMENT OF IP ADDRESS IS BY DYNAMIC HOST CONFIGURATION PROTOCOL (DHCP) SO IT DYNAMICALLY CHANGES FOR EACH USER
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

### G. VENUE DETERMINED BY GEO LOCATION INFORMATION IS INHERENTLY INACCURATE
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

### H. HASH VALUE IS NOT A FINGERPRINT OF SENDER AND RECIPIENT
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

### I. NO EDIVANCE THAT UPLOADING OR DOWNLOADING OF COPYRIGHT WORK OCCURRED
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

### J. COUNT 1 DIRECT INFRINGEMENT AGAINST DOES 1-23
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

What is interesting is that in a nearly identical case with the same Plaintiff Malibu Media in Colorado (Malibu Media, LLC v Jeff Fantails and Bruce Dunn, 1:12-cv-00886-MEH), the Plaintiff dropped contributory infringement and selected statutory damages instead of actual damages when responding to the defendants discovery request that the Defendant infringed in a contributory manner on Plaintiff's copyrighted works. This is one of very few cases that the Plaintiff was allowed to reach the point of discovery. The defense argued three points

1. Plaintiff cannot argue that defendants are jointly and severally liable (JSL) in the complaint to minimize filing costs, and then later turn around and argue the defendants are independent from one another to maximize damages.
2. Plaintiff is dropping charges and changing theories midstream to prejudice discovery proceedings.
3. Plaintiff cannot collect twice on recovery.

From Defenses response (Malibu Media, LLC v Jeff Fantails and Bruce Dunn, 1:12-cv-00886-MEH document 112)

> In reliance on these sworn statements [on JSL], the Court permitted Plaintiff to proceed with filing a single case against 30 anonymous defendants and granted Plaintiff's request for expedited discovery to uncover their personal identifying information [...]

The Plaintiff Malibu Media, LLC is doing the same in the Eastern District of Pennsylvania case (Civil action No. 12-2078 consolidated from matters 12-2078, 12-2084, 12-2088) Malibu Media, LLC v John Does 1,6 ,13,14 & 16 doc # 32) upon achieving its goal of obtaining the defendants identity the Plaintiff dropped its joiner claim, dropped its joint and severable claim and dropped is indirect copyright infringement claim by filing an amended complaint against the does that did not settle.

**K. THE PLAINTIFF "WORK" THAT IT ALLEGES ITS COPYRIGHT WAS INFRINGED UPON BY THE DEFENDANTS IS READILY AVAILABLE ON ITS ASSOCIATED WEB SITE X-ART.COM FOR FREE.**
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

**L. PLAYABLE WORK?**
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

**M. QUALIFICATIONS OF IPP, LIMITED ("IPP")**
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

**N. VALIDITY FOR THE SOFTWARE "INTERNATIONAL IPTRACKER V1.2.1"**
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

**O. MOTIVE OF ATTORNEY**
The Plaintiff memorandum in opposition to defenses motion does not provide a response.

I respectfully ask the court to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted or dismiss for failure to meet rule 11 or order the plaintiff to show cause; paraphrasing Judge Wright I ask the court to order the Plaintiff to explain *why early discovery is warranted in this situation by demonstrating to the Court, how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens. The Plaintiff must also explain how it can guarantee to the Court that any such subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route)*

Dated: *2/11/2013*

Respectfully submitted,

s/John Doe 16
John Doe
*Pro se*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MOTION FOR CLERIFICATION, was served by Us Mail to the court and Plaintiff counsel:

Paul Nicoletti, Esq.

Law offices of Nicoletti & Associates, LLC

36880 Woodward Avenue, Suite 100

Bloomfield Hills, MI 48304