my

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

FILED

FEB 14 2013
Feb 14 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MALIBU MEDIA, LLC,

Plaintiff,

Case No. 1:12-cv-07579
Honorable Thomas M. Durkin

v.

John Does 1-23,

Defendant.

---

### DEFENDENTS RESPONSE TO PLAINTIFF'S MEMORANDUM IN

### OPPOSITION TO MOTION FOR CLARIFICATION [CM/ECF 14]

---

The clarification requested from the court was regarding the maximum amount of damages the plaintiff attorney can threaten each Doe with when they make settlement offers. The reason this is critical to know is because of the thousands of BitTorrent Copyright troll cases, and hundreds from this plaintiff alone, it is believed that no plaintiff including this one has ever taken a Doe to trial for copyright infringement. All cases have been settled or dismissed by the Plaintiff prior to trial, and nearly all before a plaintiff served a named defendant following months of harassing settlement demands by the Plaintiff's attorneys. The Plaintiff's attorneys threats of $150,000 per John Doe, plus attorney fees plus public humiliation plus the fear of a federal trial is enough for the unserved named defendants and even unnamed John Does to settle for thousands of dollars whether they are guilty of copying a movie or not. This is not a denial or a defense, it is simply history and what is going on today in the few remaining federal courts where the judges have not stopped these types of cases.

In addition the Plaintiff's response to the motions for clarification states

"In this case the work that was infringed by the Defendants contained a proper copyright notice and therefore "no weight shall be given to [Defendant's] interposition of a defense based on innocent infringement." *17 U.S.C. § 401(d)*."

There is no copyright notice in the alleged infringed pornographic movie in this case "Transendance," a copy of which is available for free on the Plaintiff owners own website X-ART.COM available here http://hosted.x-art.com/galleries/transcendence/index.php?PA=2081011

The second part of the clarification request was for what damages are possible for each Doe. Is it the damage amount divided by the number of Doe's, or multiplied by the number of Doe's.

In an attempt to justify the plaintiff's improper joiner, the plaintiff alleges that the defendants acted in concert (Complaint ¶10):

> 10. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other,

The plaintiff also alleges that the concert of activity as identified by IPP, Limited shows that each defendant was "a part of the same series of transactions "as identified by the hash tag "5D078FC4F665E7B3E7D80C47845956542379750F".

Plaintiff alleged (Complaint ¶36,37,38,39,40):

> 36 Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.
>
> 37. IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.
>
> 38. IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the file identified by the SHA-1 hash value of 5D078FC4F665E7B3E7D80C47845956542379750F (the "Unique Hash Number").
>
> 39. The IP addresses, Unique Hash Number and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show:
> (A) Each Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number; and
> (B) Therefore, each Defendant was part of the same series of transactions.
>
> 40. Through each of the transactions, each of the Defendant's computers used their identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.

The Plaintiff complaint also alleges (Complaint ¶39a):

(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants

The plaintiff however is seeking damages and Joiner for a different set of 28 John Does in The United States District Court Middle District of Florida Ft. Myers Division 8:12-cv-1667-T-27MAP for allegedly the same series of transaction identified by the same Unique Hash Number filed 7/26/2012. The complaint for copyright infringement filled in Florida is identical, word for word, to the complaint filed in this case, except for the words "Middle District of Florida" was replaced with "Northern District of Illinois" and the Florida attorney Keith Lipscomb submitted it instead of Paul Nicoletti. It is believed Paul Nicoletti and Jason Kutscher have a financial arrangement with Keith Lipscomb to bring these case.

The Plaintiff is also seeking Joiner and damages for a different set of 22 John Does where the defendant were part of the same series of transaction identified by the same Unique Hash Number "5D078FC4F665E7B3E7D80C47845956542379750F" in the United States District Court of Colorado case 1:12-cv-02598-REB-MEH filed 9/30/2012 again using the exact same word for word complaint except "Northern District of Illinois" was replaced this time with "District of Colorado" and the attorney this time is Jason Kotzker.

If the defendants are jointly and severally liable as alleged by the plaintiff in each of these cases, then are the damages jointly and severally liable across all cases the plaintiff has brought to various courts for same series of transactions identified by the same Unique Hash Number?

Dated: *2/11/2013*                                            Respectfully submitted,

*s/John Doe 16*
John Doe
*Pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MOTION FOR CLERIFICATION, was

served by Us Mail to the court and Plaintiff counsel:


Paul Nicoletti, Esq.

Law offices of Nicoletti & Associates, LLC

36880 Woodward Avenue, Suite 100

Bloomfield Hills, MI 48304